IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| American Plastics, LLC, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:24-cv-00660 |
| vs. | : | |
| | : | Honorable James R. Knepp, II |
| Eric Hummel, et al., | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' MOTION TO MODIFY AND CLARIFY THE PROTECTIVE ORDER [ECF 42]

Pursuant to Fed. R. Civ. P. 26, Section 13 of the Court's Protective Order [ECF 42], and the Court's permission as stated during the May 20, 2026 discovery conference,[1] Defendants Findlay Machine & Tool, LLC ("FMT"), Kreate Extrusion, LLC and Eric Hummel (collectively, "Defendants") respectfully move the Court for an order modifying the Protective Order as set forth in the attached Exhibit 1, which includes the following proposed changes for future discovery:

1.     To restrict Highly Confidential discovery produced in this action to use and disclosure only for purposes of this action, and not for the "Related Actions," which now have either been resolved or in which discovery is now closed; and

2.     The term "Counsel" in the Protective Order should be restricted to the parties' respective outside counsel of record who have appeared in this action.

Defendants further move the Court to clarify that, even under the existing Protective Order, the only confidential discovery produced in this action that may be disclosed or used in the "Related Actions" are: (i) transcripts of coordinated depositions and (ii) marked exhibits during

---

[1]     The Court stated: "Mr. Parsell, if you want to file a separate Motion to Amend the Protective Order, you can, or you can weave it into your letter in response to [AP's] letter." [5/20/26 Hearing Tr. at 27:22 – 27:25.]

i

coordinated depositions.  It is clear from the Plaintiff's recent statements to the Court that Plaintiff misinterprets the existing Protective Order and does not intend to comply with these restrictions.

Pursuant to Fed. R. Civ. P. 37(a)(1) and Local Rule 37.1, Defendants' undersigned counsel certifies that they have conferred in good faith with Plaintiff's counsel in an effort to resolve the issues raised in this motion without Court intervention, but the parties are at an impasse.  The grounds for this Motion are set forth in the attached Memorandum. A proposed Amended Protective Order is being submitted for the Court's consideration.

Respectfully submitted,

/s/ *Stuart G. Parsell*
Marion H. Little Jr. (0042679)
Stuart G. Parsell (0063510)
ZEIGER, TIGGES, & LITTLE LLP
8000 Walton Parkway, Suite 260
New Albany, Ohio 43054
Phone: (614) 365-9900
Fax: (614) 365-7900
little@litohio.com
parsell@litohio.com

Attorneys for Defendants
Findlay Machine & Tool Inc. and
Kreate Extrusion LLC

GORDON REES SCULLY MANSUKHANI, LLP
Roland J. De Monte (0081129)
Sarah E. Katz (0096863)
Y. Timothy Chai (0092202)
127 Public Square, Suite 5130
Cleveland, OH 44114
Phone: (330) 283-5537
rdemonte@grsm.com
skatz@grsm.com
tchai@grsm.com

ii

EASTMAN & SMITH LTD.
Jared J. Lefevre (0085931)
Nicholas W. Bartlett (0100990)
One SeaGate, 27th Floor
Toledo, Ohio 43699-0032
Phone: (419) 241-6000
jjlefevre@eastmansmith.com
nwbartlett@eastmansmith.com

POLSINELLI PC
Todd H. Bartels (MO #45677)*
Emma R. Schuering (MO #65169)*
Ross T. Weimer (MO #69421)*
900 W. 48th Place, Suite 900
Kansas City, MO  64112
Phone: (816) 753-1000
tbartels@polsinelli.com
eschuering@polsinelli.com
rweimer@polsinelli.com

Attorneys for Defendants Eric Hummel,
Findlay Machine & Tool Inc., and
Kreate Extrusion LLC

iii

**TABLE OF CONTENTS**

**PAGE**

I.     Summary ...................................................................................................................1

II.    Pertinent Background.............................................................................................3

      A.     AP's Claims Here And The Related Actions .........................................3

      B.     The Restrictions Under The Existing Protective Order [ECF 42] ..........................4

      C.     AP Is Falsely Representing That The Parties Had A "Course Of Conduct" To Share Confidential Discovery Documents Across The Related Actions .....................................................................................5

      D.     AP's Disregard For Confidentiality Restrictions In Protective Orders Resulted In The Delaware Court Admonishing The AP Parties And Warning Of Future Sanctions ........................................................6

      E.     After Discovery Closes In The Related Actions, AP Seeks Production Of FMT's Highly Confidential Information In This Ohio Case For Use In The Related Actions ..................................................................7

      F.     AP Admits That It Plans To Use FMT's Highly Confidential Information In The Related Actions Despite The Close Of Discovery And In Contravention Of This Court's Existing Protective Order ...........................................................................................9

III.   Law And Argument ...........................................................................................10

      A.     Defendants Have Demonstrated Good Cause To Modify And Clarify The Existing Protective Order .................................................10

           1.     Because Discovery Has Ended In The Related Actions, There Is No Justification For Disclosing FMT's Highly Confidential Financial Documents Outside This Case .............................11

           2.     AP's Acting General Counsel Should Be Prohibited From Receiving FMT's Highly Confidential Information .................................14

      B.     The Court Should Clarify The Protective Order To Avert AP's Professed Plan To Improperly Use FMT's Highly Confidential Information Across The Related Actions ...............................................15

IV.   Conclusion .........................................................................................................16

**TABLE OF AUTHORITIES**

**PAGE(S)**

**Cases**

*AT & T Corp. v. Sprint Corp.*,
   407 F.3d 560 (2d Cir. 2005).................................................................................. 12

*Basic Rsch., LLC v. Bdirect*,
   2008 WL 11513365 (D. Utah Sept. 22, 2008) ........................................................ 11

*Bertetto v. Eon Labs, Inc.*,
   2008 WL 2522571 (D.N.M. May 29, 2008) ........................................................... 12

*Best Process Sols., Inc. v. Blue Phoenix Inashco USA, Inc.*,
   2023 WL 7323327 (N.D. Ohio Nov. 7, 2023) ........................................................ 11

*Browne v. Equifax Info. Servs. LLC*,
   2025 WL 750311 (N.D. Ind. Mar. 10, 2025) ......................................................... 13

*Datatrak Int'l, Inc. v. Medidata Sols., Inc.*,
   2011 WL 3652444 (N.D. Ohio Aug. 19, 2011) ...................................................... 15

*Dodona I, LLC v. Goldman, Sachs & Co.*,
   119 F. Supp.3d 152 (S.D.N.Y. 2015) .................................................................... 12

*Doe v. Byrd*,
   2019 WL 13546234 (M.D. Tenn. Dec. 17, 2019).................................................... 11

*DSM Desotech, Inc. v. Momentive Specialty Chemicals, Inc.*,
   2016 WL 8193590 (S.D. Ohio May 31, 2016) ....................................................... 15

*Ecolab Inc. v. IBA, Inc.*,
   2024 WL 3650464 (D. Minn. May 19, 2024) ........................................................ 14

*In re FirstEnergy Corp. Sec. Litig.*,
   2025 WL 1936649 (S.D. Ohio July 15, 2025) ....................................................... 10

*In re Ohio Execution Protocol Litig.*,
   845 F.3d 231 (6th Cir. 2016).................................................................................. 10

*In re Stewart Title Co.*,
   2009 WL 1708079 (S.D. Tex. June 17, 2009) ....................................................... 14

*In re Vitamins Antitrust Litigation*,

  267 F.Supp.2d 738 (S.D. Ohio 2003) ................................................................... 13

*Lockheed Martin Corp. v. Boeing Co.*,

  2005 WL 5278461 (M.D. Fla. Jan. 26, 2005) ...................................................... 11

*Mannington Mills, Inc. v. Armstrong World Indus., Inc.*,

  206 F.R.D. 525 (D. Del. 2002) ............................................................................ 13

*Mikron Indus., Inc. v. Tomkins Indus., Inc.*,

  178 F.3d 1310 (Fed. Cir. 1998) ........................................................................... 11

*Mine Safety Appliances Co. v. N. River Ins. Co.*,

  2016 WL 8221566 (W.D. Pa. Sept. 29, 2016) ..................................................... 12

*Natera, Inc. v. CareDx, Inc.*,

  2023 WL 3763808 (N.D. Cal. May 31, 2023) ...................................................... 13

*Nixon v. Warner Commc'ns, Inc.*,

  435 U.S. 589 (1978) ............................................................................................ 10

*R.C. Olmstead, Inc., v. CU Interface, LLC*,

  606 F.3d 262 (6th Cir. 2010) ............................................................................... 10

*Tomahawk Mfg., Inc. v. Spherical Indus., Inc.*,

  344 F.R.D. 468 (D. Nev. 2023) ........................................................................... 10

*Worldwide Distribution, LLLP v. Everlotus Indus. Corp*

  2017 WL 553305 (N.D. Ohio Feb. 10, 2017) ...................................................... 11

*Xoran Holdings, LLC v. Luick,*

  2019 WL 13029920 (E.D. Mich. May 19, 2019) ................................................. 10

*Xoran Holdings, LLC v. Luick,*

  2019 WL 4735497 (E.D. Mich. Sept. 27, 2019) .................................................. 10

## **Rules**

Fed. R. Civ. P. 26 ..................................................................................................... i

Fed. R. Civ. P. 26(c)(1)(G) ...................................................................................... 10

Fed. R. Civ. P. 37(a)(1) ............................................................................................ ii

N.D. Ohio Loc. R. 37.1 ............................................................................................ ii

## MEMORANDUM IN SUPPORT

I.     **Summary**

As Plaintiff American Plastics, LLC ("AP") acknowledges, this is a case between two competitors in the highly competitive business of supplying national retailers with plastic storage totes and similar plastic products.  This case is one of six separate actions (collectively, the "Related Actions") that AP chose to bring arising from The Home Depot's decision in early 2024 to stop using AP as one of its suppliers – including a Georgia lawsuit against Home Depot, a New York lawsuit and arbitration against AP's servicing agent, Integrated Sales Solutions ("ISS"), a Delaware action against Nick Reinhart, a former AP employee and partial owner who had founded FMT, and an arbitration against Brian Nichols, a former AP manager.  Each action has its own separate Protective Order.

In late June 2025, in the interest of efficiency, the parties entered into a Stipulation for coordinated depositions and certain limited discovery in the Related Actions (the "Stipulation"). [ECF 42, PageID # 605.]  That Stipulation was then attached as Exhibit C to the Stipulated Protective Order entered in the instant action on August 5, 2025 (the "Protective Order").  Both the Stipulation and the Protective Order permitted coordinated depositions in the Related Actions and the use and disclosure only of the transcripts and marked deposition exhibits in those actions. Nothing more.  ***Significantly, neither the Protective Order nor the Stipulation permits Confidential documents produced in this action that are not marked as coordinated deposition exhibits to be disclosed or used in any of the Related Actions.***

But now moving forward, there is no reason or basis for coordinated depositions or the disclosure or use of marked deposition exhibits in the other Related Actions because it is

1

undisputed that those actions either have been resolved (the two proceedings against ISS) or discovery in the remaining actions is now closed (the Georgia and Delaware Actions).

Yet, AP is now seeking – only in the instant action because it can no longer obtain such discovery in the other Related Actions – FMT's highly confidential, competitively sensitive financial documents regarding its finances, sales, and research and development cost details (collectively, "FMT's Highly Confidential Information"), *for the express purpose of disclosing and using that Highly Confidential Information in the other Related Actions in which FMT is not a party and has no ability to protect its Highly Confidential Information*.

AP is outwardly proclaiming that this is precisely its intent – both during the Court's May 20, 2026 discovery hearing and in AP's May 29, 2026 letter to the Court (Ex. B to attached Declaration of Brittny Pierson).  AP states: *"If we came across a financial document today, a new document, we could use it in any of the related cases despite discovery being closed."* [5/20/26 Hearing Tr. at 21 (emphasis added) (Pierson Decl. Ex. A).]

That not only is directly contrary to the limited scope of the parties' Stipulation concerning Highly Confidential discovery documents that are *not* marked as coordinated deposition exhibits, AP's position also misunderstands, and would violate, the existing Protective Order.  AP's representation to this Court that a supposed "course of conduct" by the parties justifies its announced intent to circumvent the confidentiality restrictions even in the existing Protective Order is demonstrably *false*.  There is no such "course of conduct."  AP has taken the exact opposite position throughout this litigation. In fact, when AP and its affiliates improperly used FMT's and Reinhart's confidential Delaware discovery documents in other Related Actions, Reinhart filed a Motion for Contempt in the Delaware Action.  In September 2025, the Delaware Chancery Court

2

found that AP and its counsel had violated that court's protective order limiting the use of discovery documents to that action only and ***expressly warned AP and its affiliates that any future violation of such use restrictions may be met with "sanctions."***

For these reasons, the Court should grant Defendants' Motion to Modify the Protective Order because Defendants have demonstrated good cause. With the close of discovery in the other Related Actions, AP and its affiliates have no legitimate basis to share or use FMT's Highly Confidential Information outside this case. Federal courts routinely hold that AP should not be permitted to misuse the discovery process in this case to circumvent the court-ordered closure of discovery in the Related Actions.

At the very least, in view of AP's proclaimed misunderstanding of the confidentiality restrictions in the existing Protective Order, the Court should clarify that the Protective Order dictates that the ***only*** Confidential document discovery in this case that may be disclosed or used in the other still-pending Related Actions are the (1) deposition transcripts and (2) marked deposition exhibits in the coordinated depositions. Nothing else. AP's professed plan to disclose and use FMT's Ohio-produced Highly Confidential Information in the other Related Action runs afoul of even the existing Protective Order.

## II.     Pertinent Background

### A.     AP's Claims Here And The Related Actions

AP generally alleges that in 2023 Defendants misappropriated AP's trade secrets and hired several of AP's employees to advance their competing plastic molding business for the production and sale of plastic storage totes.

3

The instant case is one of several brought by AP and its parent, Jansan Acquisition, arising from AP's loss of its Home Depot business. *See* Opinion & Order, ECF No. 26, PgID#334-36 (identifying actions involving Jansan and Reinhart); Mtn. to Compel, ECF No. 51, PgID#655 (explaining AP's Georgia Action against Home Depot).] As identified in Exhibit B to the current Protective Order [ECF No. 42 at PgID #604], these "Related Actions" are:

- *XR10 Capital and Jansan Acquisition v. Nicholas Reinhart*, No. 2024-0334-LWW (Del. Chancery Ct.) (the "Delaware Action");

- *American Plastics LLC v. Integrated Sales Solutions II, LLC*, Index No. 653127/2024 (Supreme Court of the State of New York, County of New York) (the "New York Action");

- *American Plastics, LLC v. Home Depot Product Authority, LLC*, No. 24CV010738 (Fulton County Superior Court, GA) (the "Georgia Action");

- AAA Arbitration brought by American Plastics, LLC against Integrated Sales Solutions II, LLC, Case 01-24-0007-5370; and

- JAMS Arbitration brought by American Plastics, LLC against Brian Nichols.

### B.     The Restrictions Under The Existing Protective Order [ECF 42]

The Court's existing Protective Order allows for coordinated depositions in the Related Actions and the coordinated use and disclosure ***only*** of the resulting deposition transcripts and marked deposition exhibits. Paragraph 5 of the Protective Order states:

> **5.     Coordinated Depositions.** The parties to this action, along with parties to related actions pending in other jurisdictions (collectively, the "Stipulating Parties" and such actions, together with this action, the "Related Actions" (listed in Exhibit B below)), have agreed, in the interest of fairness and efficiency, to conduct consolidated depositions across the Related Actions and to permit the use of the coordinated depositions taken in the Related Actions, including ***the testimony taken and the exhibits marked***, to be offered as evidence, for impeachment, to refresh the recollection of a witness, or for any other purpose, in each of the Related Actions. A true and correct copy of the agreement is attached as Exhibit C (the "Coordinated Deposition Stipulation").

4

[ECF 42, PgID #590 (bold italics added, footnote omitted).]

Thus, the Order states that sharing of discovery across the Related Actions is limited to the transcripts of the coordinated depositions and the "***exhibits marked***" at those depositions. The same limitation is set forth in the Stipulation (Ex. C to the Order).  Only the deposition transcripts and deposition exhibits may be used in the other Related Actions.  [*Id.* at PgID #607.]

Confidential discovery produced only in this case that does not fall within these narrow parameters cannot be shared or used in the Related Actions.  Rather, such disclosure would violate the Protective Order.  Paragraphs 6(a) and (b) of that Order state: "The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (1)-(5)," and such documents may be used only "to prepare for and to conduct discovery and trial in this action, including any appeal thereof, except as provided in Paragraph 5."  Similar restrictions apply to documents designated "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." [ECF 42.]

## C.  AP Is Falsely Representing That The Parties Had A "Course Of Conduct" To Share Confidential Discovery Documents Across The Related Actions

Defendants are troubled by AP's inaccurate representation to the Court that there has been a "course of conduct" by FMT and the other parties "to share" Confidential discovery documents "across the related cases."  [5/20/26 Hearing Tr. at 20:5 – 20:9.]  That is verifiably not true.

The truth comes from AP's own acknowledgement more than two months after the entry of the Protective Order in this action, using AP's own documented words: ***"[T]he parties in the Related Actions generally have not shared document productions across the Related Actions."*** [Pierson Decl. Ex. C, AP's 10/14/25 email (emphasis added).]  That was AP's repeated excuse, for

5

several months after the entry of the Court's Protective Order, for AP's refusal to produce to Defendants in this action the thousands of discovery documents that AP and other parties had previously produced in the other Related Actions.

As a result, FMT served AP in this action on November 7, 2025 with a formal request to "produce all documents produced by all parties" in the Related Actions. [ECF 54-8, PageID #1016, FMT's 3rd RFP No. 15.]  But even then, AP objected on the ground that FMT was "seeking the production of documents in violation of various protective orders entered in the referenced cases." [Pierson Decl. Ex. D, AP's Objections To FMT's Third RFPs, No. 15.]  Instead of "sharing discovery documents among the Related Actions," AP refused to produce even its own productions in the Related Actions unless "Defendants obtain consent from any interested third parties to waive any confidentiality objections they may assert." [*Id.*]  Although AP ended up producing its discovery documents pursuant to FMT's formal request, AP did ***not*** produce to FMT the other parties' productions that AP had received in the Related Actions.  [Pierson Decl. ¶ 7.]

To date, AP still refuses to produce to Defendants these requested discovery documents produced by other parties to AP in the Related Actions.  [Pierson Decl. ¶ 8.]

In short, AP's own words and actions throughout this litigation belie its inaccurate statement to this Court that FMT and the other parties have some kind of agreement or course of conduct to share Confidential discovery documents across the Related Actions.

### D. AP's Disregard For Confidentiality Restrictions In Protective Orders Resulted In The Delaware Court Admonishing The AP Parties And Warning Of Future Sanctions

As further proof that the parties did not have a "course of conduct" to share confidential discovery across the Related Actions, Reinhart actually moved for contempt sanctions against AP

6

and its parent company in the Delaware Action for using his and FMT's Delaware-confidential discovery documents in other Related Actions. [Pierson Decl. Ex. E.]  In fact, that motion for contempt and the AP Parties' confidentiality breaches were still open issues when the parties entered into the Stipulation and the Protective Order in this action.

On September 5, 2025, the Delaware Chancery Court made it abundantly clear that the parties were prohibited from sharing confidential discovery across the Related Actions, though the court did not impose sanctions for the AP Parties' prior violations. The Delaware court observed "[t]hese aren't great facts for the AP Parties, found they made "technical violations" of the use restrictions in that court's Confidentiality Order, and issued the following admonishment:

> But I will say that I fully expect counsel to be more careful going forward, and  mindful of  the use restriction  in  paragraph  10  [of the  Confidentiality Order].  ***Counsel needs to make sure that all of the lawyers involved in the case understand that the use is limited to this litigation. You can't attach or introduce  or  even  shape  case  strategy  in  another  court  with  documents produced here.  And if there is another violation of this provision of the order, I may be more apt to grant sanctions in the future.***

[Pierson Decl. Ex. F, 9/5/25 Delaware Court Telephonic Ruling at 26-27 (emphasis added).]

### E.  Underline Text After Discovery Closes In The Related Actions, AP Seeks Production Of FMT's Highly Confidential Information In This Ohio Case For Use In The Related Actions

It is undisputed that the two Related Actions against ISS have now been resolved and dismissed.  [Pierson Decl. Ex. G (dismissal of New York Action.]  In addition, discovery has been closed by court orders for several months in both the Delaware Action and Georgia Action. [Pierson Decl. Ex. H (9/4/25 Second Amended Case Management Order in Georgia Action); and Pierson Decl. Ex. I (11/12/25 Amended Case Schedule Order in Delaware Action).]  In fact, just a few days ago – on the heels of telling this Court that discovery is not yet completed in the Delaware

Action, the AP Parties opposed Reinhart's recent motion to continue the Delaware trial on the ground that discovery is done there, except for AP's "clean-up" production of some court-ordered items: "Fact and expert discovery has been taken, with only clean-up issues remaining." [Pierson Decl. Ex. J (AP Parties' 6/8/26 Opposition at 3).]

Foreclosed from obtaining discovery from FMT in the Related Actions, AP is now trying an improper backdoor approach to obtain FMT's Highly Confidential Information in this case for use in the Related Actions. Importantly, AP never requested production of this FMT Highly Confidential Information in the Related Actions – either before or after the close of discovery in those cases. AP is requesting FMT to produce highly confidential, competitively sensitive documents: FMT's financial statements (and all accompanying notes and schedules) for 2022 through 2025, its detailed monthly income statements (including itemized costs) from 2022 through 2025, detailed data regarding FMT's sales to Home Depot, and detailed data concerning FMT's research and development costs. [Pierson Decl. Ex. K, AP's Third Set of RFPs.]

FMT suspected what AP was up to (improperly seeking discovery in this action to backfill discovery that AP failed to request in the Related Actions). On May 6 and 8, 2026, FMT requested AP to stipulate to an amendment to the existing Protective Order in light of the close of discovery in the Related Actions. [Pierson Decl. Ex. L.] As FMT's counsel explained, "there is now no legitimate basis to provide FMT's highly confidential financial documents to <u>non-parties</u> to the Ohio action for their use in <u>other lawsuits</u>." [*Id.* (emphasis in original).] A key modification proposed by FMT was the following language in Paragraph 5 of the Protective Order:

> As of the date of this Amended Order, the two Related Actions against Integrated Sales Solutions II, LLC have been resolved. In addition, the discovery schedules in each of the remaining pending Related Actions have expired, except for certain discovery the Delaware Court of Chancery has ordered American Plastics, LLC and

8

its parent companies to produce in the Delaware Related Action. Accordingly, Paragraph [5] of the Court's prior Stipulated Protective Order and the Coordinated Deposition Stipulation do not apply to any discovery produced or provided in this action after the filing of this Amended Order. [Exhibit 1 (attached).]

These proposed changes were reciprocal and applied equally to both sides. However, AP refused the proposed amendment and sought the Court's intervention on May 11, 2026, which led to the Court's May 20, 2026 telephonic hearing.

> **F.** **AP Admits That It Plans To Use FMT's Highly Confidential Information In The Related Actions Despite The Close Of Discovery And In Contravention Of This Court's Existing Protective Order**

Even if the existing Protective Order were not amended, Paragraph 5 of the Order prohibits AP from taking FMT's Highly Confidential Information from this action and disclosing and using it in the Related Actions, unless they are "coordinated deposition" transcripts or "exhibits marked" therein. And with discovery now foreclosed in the Related Actions, there are no further coordinated depositions to conduct and, consequently, no basis to share confidential discovery from this action across the Related Actions.

Yet, during the Court's May 20, 2026 telephonic hearing, AP revealed its backdoor plan to disregard the Court's express confidentiality restrictions by using FMT's Highly Confidential Information from this action across the Related Actions, regardless of whether those confidential documents are ever marked as coordinated deposition exhibits: "***If we came across a financial document today, a new document, we could use it in any of the related cases despite discovery being closed.***" [Pierson Decl. Ex. A, 5/20/26 Hearing Tr. at 20-21 (emphasis added).] AP says essentially the same thing in its May 29, 2026 letter to the Court. AP even goes so far to misrepresent that the parties "contemplated the use of documents across the Related Actions" under the Protective Order. [Pierson Decl. Ex. B, AP's 5/29/26 letter at 2.]

9

### III.    Law And Argument

District courts have discretion to modify existing protective orders "as circumstances dictate." *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 235 n.2 (6th Cir. 2016).  The moving party is entitled to modification where supported by good cause.  *See In re FirstEnergy Corp. Sec. Litig.*, 2025 WL 1936649, *2 (S.D. Ohio July 15, 2025) (adopting in full special master's report and recommendation modifying stipulated protective order).  "Good cause exists if 'specific prejudice or harm will result' from the absence of a protective order," or in the absence of the modification.  *Xoran Holdings, LLC v. Luick*, 2019 WL 13029920, *2 (E.D. Mich. May 19, 2019), objections overruled, 2019 WL 4735497 (E.D. Mich. Sept. 27, 2019).

### A.    Defendants Have Demonstrated Good Cause To Modify And Clarify The Existing Protective Order

Rule 26 provides that the court may, for good cause, issue an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed.R.Civ.P. 26(c)(1)(G); *R.C. Olmstead, Inc., v. CU Interface, LLC*, 606 F.3d 262, 277 (6th Cir. 2010).  Consistent with this principal, "courts have [long] refused to permit their files to serve as … sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also Tomahawk Mfg., Inc. v. Spherical Indus., Inc.*, 344 F.R.D. 468, 471 (D. Nev. 2023) (noting "the danger inherent in sharing discovery containing trade secret [or confidential] information with persons affiliated with a litigation opponent or other competitor").

Accordingly, courts in this Circuit and elsewhere have held that competition between party litigants is good cause both to enter, modify, and strictly enforce a protective order. *See Xoran Holdings*, 2019 WL 13029920, *3 (granting in part motion to modify protective order to rectify

10

"the danger to [the plaintiff's] customer relationships and the potential for unconsented disclosure(s) to competitors in what appears to be a hotly contested market"); *Basic Rsch., LLC v. Bdirect*, 2008 WL 11513365, *2-4 (D. Utah Sept. 22, 2008) (modifying protective order to add "outside counsel only" designation because "[i]t is clear that Basic and Defendants are competitors" and third parties "expressed concerns about the sharing of their confidential information"); *Best Process Sols., Inc. v. Blue Phoenix Inashco USA, Inc.*, 2023 WL 7323327, *3–6 (N.D. Ohio Nov. 7, 2023) (granting in part motion for sanctions in trade secret misappropriation action due to plaintiff's use of discovery material to prosecute patent application in violation of the court's protective order); *Mikron Indus., Inc. v. Tomkins Indus., Inc.*, 178 F.3d 1310, *1-2 (Fed. Cir. 1998) (affirming contempt order against appellants for violating protective order intended to "facilitate discovery between competitors without compromising the integrity of proprietary information").[2]

Those same concerns constitute good cause to modify and clarify the Protective Order here.

### 1. Because Discovery Has Ended In The Related Actions, There Is No Justification For Disclosing FMT's Highly Confidential Financial Documents Outside This Case

Discovery in the Related Actions is now closed, which "directly affect[s] the reasons for the protective order." *Doe v. Byrd*, 2019 WL 13546234, *6 (M.D. Tenn. Dec. 17, 2019) (modifying protective order where plaintiff's "legitimate interests" in proceeding anonymously had

---

[2]    *See also Worldwide Distribution, LLLP v. Everlotus Indus. Corp*, 2017 WL 553305, *2–3 (N.D. Ohio Feb. 10, 2017) (good cause for protective order requiring "that any pricing information be designated attorneys' eyes only" where "the requested discovery contain[ed] confidential information that may cause competitive harm to ... a non-party to the underlying action"); *Lockheed Martin Corp. v. Boeing Co.*, 2005 WL 5278461, *2–4 (M.D. Fla. Jan. 26, 2005) (granting in part request to modify existing protective order where parties were "direct competitors").

decreased).  Last year, coordinating depositions and sharing marked deposition exhibits made sense to avoid potentially duplicative discovery. Now, that justification no longer applies since AP cannot use any discovery from this case in the Related Actions where discovery is either closed, or the case itself has been resolved.  AP has no right to use discovery in this case that it never sought in the Related Actions as a vehicle to circumvent the Court's Protective Order here and the close of discovery in the Related Actions. *See Bertetto v. Eon Labs, Inc.*, 2008 WL 2522571, *2-3 (D.N.M. May 29, 2008) (modifying protective order to eliminate provision permitting the sharing of discovery materials with counsel for plaintiffs alleging similar claims against the same defendant filed in future actions because of the risk that such discovery may not be permitted in such future actions, and "a collateral litigant has no right to obtain discovery materials that are privileged or otherwise immune from eventual involuntary discovery in the collateral litigation").

Many courts have addressed the sharing of confidential discovery in the context of efforts to modify a protective order to *authorize* the disclosure of discovery in a collateral case.  Those courts adopt the same limitation that binds AP here: if granting a modification would allow the circumvention of the close of discovery in the collateral case, the sharing of confidential discovery must be denied. *See AT & T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005) (affirming order denying permissive intervention where "Drizin's motion appears to be an attempt to circumvent the close of discovery in his State Court Action"); *Mine Safety Appliances Co. v. N. River Ins. Co.*, 2016 WL 8221566, *3 (W.D. Pa. Sept. 29, 2016) (denying motion to intervene to modify protective order to allow movant to access confidential discovery for use in related state court litigation where "[d]iscovery … in the state-court proceedings … has long been closed"); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 158 (S.D.N.Y. 2015) (denying

12

motion to intervene to modify protective order because "the request to intervene here appears to be an attempt to circumvent the March 19, 2012 close of discovery in the … State Action"); *Browne v. Equifax Info. Servs. LLC*, 2025 WL 750311, *5 (N.D. Ind. Mar. 10, 2025) (denying motion to intervene to modify protective order where movant sought "discovery that she failed to seek in her own case" initiated in state court; discovery in movant's "state court case closed … and has not been reopened," and "[a]llowing her to obtain discovery now would contravene the discovery schedule set by the state court").

So too here.  The circumstances that warranted the limited sharing of deposition exhibits used during the coordinated depositions have ended, and the Court should modify and clarify the Protective Order to prevent AP from sharing or using FMT's Highly Confidential Information in the Related Actions.

Preventing such unrestricted use and disclosure of FMT's Highly Confidential Information is especially important because FMT is not a party in any of the Related Actions and therefore has no ability to police the disclosure of its confidential information. *Natera, Inc. v. CareDx, Inc.*, 2023 WL 3763808, *6 (N.D. Cal. May 31, 2023) ("If forced to produce the information requested by the Subpoena, [the nonparty] will have no control over whether that information is or is not ultimately publicly disclosed."); *Mannington Mills, Inc. v. Armstrong World Indus., Inc.*, 206 F.R.D. 525, 530 (D. Del. 2002) ("What happens with any information disclosed by [non-party] in response to Mannington's subpoena, particularly at trial, is anyone's guess."); *In re Vitamins Antitrust Litigation*, 267 F.Supp.2d 738, 740–41 (S.D. Ohio 2003) (quashing subpoena seeking non-party's trade secret information for use in antitrust litigation despite there being a protective order in place where, among other things, "certain of the defendants in the antitrust litigation are

13

[non-party's] direct competitors"). Requiring a non-party to "entrust[] the confidentiality of its documents who do not represent its interest" and in fact have conflicting interests is a substantial risk to FMT. *In re Stewart Title Co.*, 2009 WL 1708079, *2 (S.D. Tex. June 17, 2009).

AP already has a proven track record for disregarding confidentiality orders and "it would be divorced from reality to believe that [AP] would serve as the champion of its competitor ... to maintain the confidentiality designation or to limit public disclosure ... during trial." *Mannington Mills*, 206 F.R.D. at 530–31.

### 2. AP's Acting General Counsel Should Be Prohibited From Receiving FMT's Highly Confidential Information

Another reason to modify the existing Protective Order is to preclude AP's acting General Counsel, Gregg Zucker, who is also the AP Parties' counsel in the Georgia and Delaware Actions, from accessing (or using) FMT's Highly Confidential Information. Zucker is an attorney with the Foundation Law Group, LLP, and he attested in the Delaware Action that he not only is counsel for the AP parties in the other Related Actions, he also "serve[s] as outside counsel for the AP parties providing advice akin to what many in-house general counsels provide their respective companies." [Pierson Decl. Ex. M, Zucker Affidavit.] Interactions with Zucker in late 2025 in connection with the Related Actions have led Defendants to believe that Zucker advises and participates in the AP Parties' competitive business decisions. In contrast, Defendants do not have in-house counsel.

Courts routinely limit in-house or general counsel's access to discovery where, as here, exposure to a competitor's highly confidential information puts counsel "in the 'untenable position' of choosing between providing legal advice to her client and abiding by the Court's protective order." *Ecolab Inc. v. IBA, Inc.*, 2024 WL 3650464, *2–4 (D. Minn. May 19, 2024)

14

(granting request to modify protective order to add Outside Attorneys' Eyes Only provision). The concern is that even if general counsel pledges to observe a protective order, he will inevitably use discovery for outside purposes, giving his client a competitive advantage. *DSM Desotech, Inc. v. Momentive Specialty Chemicals, Inc.*, 2016 WL 8193590, *5 (S.D. Ohio May 31, 2016) ("[i]t is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so").

The key issue is whether general counsel participates in competitive decisions. *Datatrak Int'l, Inc. v. Medidata Sols., Inc.*, 2011 WL 3652444, *2–3 (N.D. Ohio Aug. 19, 2011). "Competitive decision-making refers to a relationship between a client and its counsel that involves 'advice and participation in *any* or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor.'" *Ecolab*, 2024 WL 3650464 at *2 (emphasis in original); *DSM Desotech*, 2016 WL 8193590 at *5. General counsel is a competitive decisionmaker where he oversees a party's litigation strategies in multiple related cases, like Zucker is doing. *Ecolab*, 2024 WL 3650464, at *1-3 (limiting access to in-house counsel who "oversee[s] intellectual property litigation and patent prosecution matters and advising select divisions, including the Animal Health division, about potential lawsuits").

As in these cases, Zucker, as AP's acting general counsel who is not counsel of record in this case, should not have access to FMT's Highly Confidential Information produced only in this action. The Delaware court has already found that the AP Parties violated that court's use restrictions. FMT should not have to risk another improper breach of confidentiality by AP.

B.   **The Court Should Clarify The Protective Order To Avert AP's Professed Plan To Improperly Use FMT's Highly Confidential Information Across The Related Actions**

15

At the very least, Defendants request the Court to clarify the existing Protective Order in view of AP's misunderstanding of its confidentiality restrictions in this action.  Specifically, the Court should issue an order prohibiting AP from doing what it is expressly threatening to do:  to take FMT's newly produced Highly Confidential Information in this action and disclose and use it in the Related Actions in which FMT is not a party and despite the close of discovery in those cases, regardless of whether that discovery is ever marked as a deposition exhibit.

Paragraphs 5 and 6 of the Protective Order permit confidential discovery in this action to be shared or used in the Related Actions *only* if that discovery is a marked deposition exhibit at a coordinated deposition.  Yet twice now, AP has told the Court that it intends to disregard that limitation and use FMT's Highly Confidential Information (which are not marked as deposition exhibits) in the Related Actions.

## IV.     Conclusion

For the foregoing reasons, Defendants respectfully request that the Court grant its Motion to Modify and Clarify the Protective Order.

Respectfully submitted,

/s/ Stuart G. Parsell
Marion H. Little Jr. (0042679)
Stuart G. Parsell (0063510)
ZEIGER, TIGGES, & LITTLE LLP
8000 Walton Parkway, Suite 260
New Albany, Ohio 43054
Phone: (614) 365-9900
Fax: (614) 365-7900
little@litohio.com
parsell@litohio.com

Attorneys for Defendants
Findlay Machine & Tool Inc. and
Kreate Extrusion LLC

16

GORDON REES SCULLY MANSUKHANI, LLP
Roland J. De Monte (0081129)
Sarah E. Katz (0096863)
Y. Timothy Chai (0092202)
127 Public Square, Suite 5130
Cleveland, OH 44114
Phone: (330) 283-5537
rdemonte@grsm.com
skatz@grsm.com
tchai@grsm.com

EASTMAN & SMITH LTD.
Jared J. Lefevre (0085931)
Nicholas W. Bartlett (0100990)
One SeaGate, 27th Floor
Toledo, Ohio 43699-0032
Phone: (419) 241-6000
jjlefevre@eastmansmith.com
nwbartlett@eastmansmith.com

POLSINELLI PC
Todd H. Bartels (MO #45677)*
Emma R. Schuering (MO #65169)*
Ross T. Weimer (MO #69421)*
900 W. 48th Place, Suite 900
Kansas City, MO  64112
Phone: (816) 753-1000
tbartels@polsinelli.com
eschuering@polsinelli.com
rweimer@polsinelli.com

Attorneys for Defendants Eric Hummel,
Findlay Machine & Tool Inc., and
Kreate Extrusion LLC

17

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system this 12th day of June 2026, which constitutes service on all attorneys of record.

/s/ Stuart G. Parsell
Stuart G. Parsell  (0063510)

1086870

18