EFiled:  May 01 2025 04:32PM EDT
Transaction ID 76192461
Case No. 2024-0334-LWW

**Exhibit**

**E**

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| XR10 CAPITAL, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| and | )   C.A. No. 2024-0334-LWW |
| | ) |
| JANSAN ACQUISITION, LLC | ) |
| | ) |
| Plaintiff/Counterclaim | ) |
| Defendant, | ) |
| | ) |
| v. | ) |
| | ) |
| NICKOLAS L. REINHART, | ) |
| | ) |
| Defendant/Counterclaim | ) |
| Plaintiff. | ) |
| | ) |
| NICKOLAS L. REINHART, | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AMERICAN PLASTICS, LLC, | ) |
| CREATIVE PLASTIC CONCEPTS, | ) |
| LLC, and ROBERT GUERRA, | ) |
| | ) |
| Third-Party Defendants. | ) |

### NICKOLAS L. REINHART'S MOTION
### FOR CONTEMPT AND SANCTIONS

Defendant Nickolas L. Reinhart, pursuant to Court of Chancery Rule 70(b),

submits this Motion for Contempt and Sanctions against Jansan Acquisition, LLC

and American Plastics, LLC ("**AP**") (collectively, "**AP Parties**") and respectfully

103238279

requests relief from this Court for the AP Parties' continued flagrant violations of the Stipulation and Order for The Production and Exchange of Confidential and Highly Confidential Information (Dkt. 70, "**Confidentiality Order**").

## I.    INTRODUCTION

1.     On June 26, 2024, the Court entered the Confidentiality Order that was negotiated and agreed to by the parties. Since that time, the AP Parties have shown a conscious and intentional disregard for the Confidentiality Order. The AP Parties have used discovery received in the above captioned case ("**Chancery Litigation**") to further their coordinated litigation campaign against Mr. Reinhart, his companies, his employees, his business partners and his customers in numerous forums across the country.[1] Specifically, the AP Parties have disclosed confidential documents that were produced by Mr. Reinhart in this Chancery Litigation to at least three different law firms that have not appeared in this case to prosecute claims against Mr. Reinhart and numerous third parties in cases in courts in Ohio, New York, Georgia and Florida, and in arbitration.

2.     Most offensively, the AP Parties and their counsel rebuffed every attempt by Mr. Reinhart to address these ongoing violations of the Confidentiality Order. In repeated email exchanges, non-attorneys of record reference and attach

---

[1] For this Court's reference, Mr. Reinhart has included a chart of the AP Parties' ongoing litigation against Mr. Reinhart and his affiliates in **Exhibit A**.

2

103238279

confidential documents produced by Mr. Reinhart in this case subject to the Confidentiality Order and then dismiss Mr. Reinhart's concerns and requests for information about disclosures of documents to attorneys who are not counsel of record in this case as a "profound inefficiency."  Exhibit C at 1.

3.      Given the AP Parties and their counsel's refusal to cooperate with Mr. Reinhart to understand and rectify the violations of the Confidentiality Order, Mr. Reinhart makes this Motion as a last resort to understand and obtain recovery from the unauthorized disclosure of his information produced in this case pursuant to the Confidentiality Order, and to enjoin any further violations of the Confidentiality Order.

## II.     RELEVANT BACKGROUND

### A.      The Relevant Confidentiality Order Language

4.      The Confidentiality Order defines "the Litigation" to mean the above captioned case pending before the Court of Chancery only. Confidentiality Order, ¶ 1.

5.      The Confidentiality Order provides a procedure for the permissible disclosure of both Confidential Discovery Material and Highly Confidential Discovery Material.

6.      Confidential Discovery Material can be shared only with certain categories of individuals, specifically including (a) the parties and their "directors,

3

officers, general partners, limited partners, managers, members, and employees of the Parties who are assisting with or making decisions concerning the Litigation, to the extent deemed reasonably necessary by counsel of record ***for the purpose of assisting in the prosecution or defense of the Litigation***,” and (b) “Counsel ***who represent Parties in this Litigation*** (including in-house counsel), and the partners, counsel, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation.” *Id.*, ¶5 (emphasis added).

7. Similarly, Highly Confidential Discovery Material can be disclosed to “Counsel who represent Parties in this Litigation” but cannot be disclosed to the Parties. *Id.*

8. Regardless to who the Confidential or Highly Confidential Discovery Material is disclosed to, the Confidentiality Order limits its use to “solely for purposes of this Litigation and ***shall not be used for any other purpose, including without limitation, any business or commercial purpose***.” *Id.* ¶ 10 (emphasis added).

9. The plain language of the Confidentiality Order leaves no doubt that the only attorneys allowed to review Mr. Reinhart’s Confidential or Highly

4

Confidential Discovery Materials produced in this Chancery Litigation are counsel of record and the AP Parties' in-house counsel, if any.

**B.     The AP Parties' Unauthorized Disclosure and Use of Confidential Discovery Materials For Purposes Other Than The Chancery Litigation**

10.     Despite the Confidentiality Order, the AP Parties (and/or their counsel) materially violated the Court's order almost immediately after it was agreed to. Most egregiously, on July 25, 2024, AP filed Mr. Reinhart's Confidential Discovery Materials as an attachment in a lawsuit in New York to which Mr. Reinhart is not a party, which was noted to the Court during a hearing on October 29, 2024.  Dkt. 114 at 7-10 & Exs. 8-9 (discussing Plaintiff's violations of the Confidentiality Order); Dkt. 173 at 24-25 ("But we would ask that you either admonish or warn Jansan that if they violate the protective order again, it could possibly result in sanctions.").

11.     It has recently become apparent that the AP Parties are sharing Mr. Reinhart's Confidential Discovery Materials to further their cross-country litigation campaign against Mr. Reinhart and anyone associated with him since he was forced out of AP.

12.     On March 6, 2025, AP purported to serve a subpoena on Mr. Reinhart in connection with its lawsuit against Home Depot in the state of Georgia. The subpoena included a request for "all information produced by you in *Jansan Acquisition, LLC v. Nickolas L. Reinhart*, in the Court of Chancery for the State of

5

103238279

Delaware, Case No. 2-24-03340." Attached as **Exhibit B**.[2] The subpoena was signed by Morgan Harrison of Arnall Golden Gregory LLP, and a separate attorney, Mr. Gregg Zucker of Foundation Law Group LLP, has been communicating with Mr. Reinhart's counsel regarding Mr. Reinhart's objections to the subpoena. Neither Ms. Harrison, Mr. Zucker, nor their respective law firms are entered as representing the AP Parties in the Chancery Litigation.  In fact, Mr. Reinhart's counsel had no communication with them until the subpoena was recently served.

13.    However, it became clear in dispute discussions regarding the Georgia subpoena directed to Mr. Reinhart that both Ms. Harrison and Mr. Zucker had seen Confidential Discovery Material that Mr. Reinhart and FMT produced in the Chancery Litigation. On March 31, 2025, at 5:07 pm Mr. Zucker confirmed as much stating "[a] very good start is to re-produce the documents FMT produced in the litigation in which it is a party. We have seen the documents, so that should not be a major issue."[3] Exhibit C at 10.

14.    On April 5, 2025, Mr. Reinhart made a document production in response to the subpoena. Two days later, Mr. Zucker again emailed this time stating that "[a]fter checking this production, we have confirmed that, despite what you say

---

[2] On February 20, 2025, AP, through the same attorneys, purported to serve a subpoena on Findlay Machine & Tool, LLC ("**FMT**"), a company owned by Mr. Reinhart, including similar requests.

[3] Mr. Reinhart notes for this Court that FMT is not a party to this litigation, despite the AP Parties and their counsel's use of him and FMT interchangeably.

103238279

below, there are a substantial number of documents produced by Reinhart/FMT in other litigation that have not been produced in the GA litigation," and attached two documents Mr. Reinhart produced as Confidential Discovery Material (Reinhart 00017589 and Reinhart 00015306) in this Chancery Litigation as examples of missing documents in response to the subpoena. Exhibit C at 4.

15.    In response, Mr. Reinhart's counsel requested "a detailing of every disclosure of documents produced in the other litigation to Gregg, Morgan, or anyone else not authorized to view that materials to whom it has been disclosed." And yet, Mr. Zucker, Ms. Harrison, and the AP Parties' counsel in the Chancery Litigation have still failed to itemize the disclosure and dismissed counsel's concerns about the sharing and misuse of the Confidential Discovery Materials. *Id.* at 1-3.

16.    Despite Mr. Reinhart's production of documents in response to the subpoena, on April 15, 2025, AP initiated litigation in Sarasota County, Florida (where Mr. Reinhart resides) to compel more documents in response to the subpoena. In the Florida petition, AP claims that "more than 2,000 additional documents were produced by Reinhart in the Chancery Litigation that have still not been provided to AP in the Georgia Litigation."[4] Even more troubling, this allegation was made by Richard Loudermilk of Shumaker, Loop & Kenrick, LLP. Given Mr. Loudermilk's allegation, one can only presume that he has also seen Confidential

---

[4] A copy of the Florida petition is attached hereto as **Exhibit D**.

7

Discovery Material produced in the Chancery Litigation. Neither Mr. Loudermilk nor his firm are entered as counsel of record for AP or any party in the Chancery Litigation, nor has Mr. Loudermilk or anyone from his firm communicated with Mr. Reinhart's counsel regarding any litigation involving Mr. Reinhart.

## III.  ARGUMENT

### A.  The AP Parties should be held responsible for their violations of the Confidentiality Order.

17.  Rule 70(b) authorizes the Court to find a party in contempt who "fail[s] to obey a restraining or injunctive order, or to obey or to perform any order." Ct. Ch. R. 70(b). A civil contempt remedy serves "to preserve and enforce the rights of private parties to suits, and to compel obedience to orders and decrees made to enforce the rights and administer the remedies to which the court has found them to be entitled." *City of Wilmington v. General Teamsters Local Union 326*, 321 A.2d 123, 125 (Del. 1974) (citation omitted).

18.  The Court has power to enforce and penalize violations of its orders through a finding of contempt. *DiSabatino v. Salicete*, 671 A.2d 1344, 1348 (Del. 1996) (noting the "inherent contempt power of Delaware Courts and [that] the breadth of its scope are well established"). A party may be held in contempt where (1) it is bound by an order, (2) has notice of the order, and (3) nevertheless violates the order. *Aveta Inc. v. Bengoa*, 986 A.2d 1166, 1181 (Del. Ch. 2009). "To establish civil contempt, the movants must show that the defendants violated an order of this

8

Court, and that the sanction they seek is coercive or remedial in nature." *Mother African Union First Colored Methodist Protestant Church v. Conference of African Union First Colored Methodist Protestant Church*, 1998 WL 892642, at *6 (Del. Ch. Dec. 11, 1998) (citation omitted).

19.     The AP Parties' position that Mr. Zucker, Ms. Harrison, and Mr. Loudermilk (the "**Non-Admitted Attorneys**") constitute "Counsel" under Paragraphs 5 or 6 of the Confidentiality Order is untenable. The Confidentiality Order plainly states "Counsel who represent Parties in this Litigation." *See* Ex. Paragraph 5(b). AP is seemingly inserting language that is noticeably absent from the Confidentiality Order. Disclosure to Counsel who represent the Parties in other litigation is not a permissible disclosure, but only to Counsel in this litigation.

20.     AP's position is further belied by the fact that no other law firm, let alone an attorney, is entered as counsel of record other than the law firm Montgomery McCracken Walker & Rhoads LLP ("**MMWR**"). At no point prior to the impermissible disclosures did MMWR, the AP Parties, or any of the related entities disclose to Mr. Reinhart or his counsel that the Non-Admitted Attorneys represented the AP Parties in the Chancery Litigation. The AP Parties' position would mean that Mr. Reinhart would produce sensitive documents that can be seen by any undisclosed law firm and attorney in any litigation that the AP Parties are involved in so long as the AP Parties claim they "advise" them. This is wrong. If the

9

AP Parties' position is found to be meritorious, how could Mr. Reinhart ensure accountability of the Non-Admitted Attorneys' actions if they have not appeared and been made subject to this Court's jurisdiction? None of the Non-Admitted Attorneys have signed onto the Confidentiality Order nor agreed to be bound by its restrictions. Yet, each is in possession of Confidential Discovery Material produced in the Chancery Litigation as a result of either the AP Parties or MMWR.[5]

21.     More confusingly, two days after Counsel for the AP Parties dismissed counsel for Mr. Reinhart's concerns about the improper disclosures, Counsel for the AP Parties sought to amend the Confidentiality Order to permit the use of confidential discovery materials in the following cases: (1) American Plastics LLC v. Eric Hummel, et al., No. 3:24-cv-00660 (N.D. Ohio); (2) *American Plastics, LLC v. Integrated Sales Solutions II, LLC,* Index No. 653127/2024 (Supreme Court of the State of New York, County of New York); (3) *American Plastics, LLC v. Home Depot Product Authority, LLC*, No. 24CV010738 (Fulton County Superior Court, GA); (4) AAA Arbitration brought by American Plastics, LLC against Integrated Sales Solutions II, LLC; and (5) JAMS Arbitration brought by American Plastics, LLC against Brian Nichols, JAMS Reference No. 5335000213.  **Exhibit E**. Counsel for the AP Parties seemingly understand their actions are violative, because if their

---

[5] Reinhart is unsure who disclosed the Confidential Discovery Material to the Non-Admitted Attorneys.

disclosures were permissible, it begs the question why would they need to amend the Confidentiality Order at all?

22.     Even if this Court were to find disclosure to the Non-Admitted Attorneys permissible, the Confidentiality Order is clear – "Confidential or Highly Confidential Discovery Material shall be used solely for purposes of this Litigation and **shall not be used for any other purpose**." Confidentiality Order ¶ 10 (emphasis added). Despite this clear edict, the AP Parties – and their counsel – have an established pattern or practice of using such material for purposes other than the Chancery Litigation.

23.     Now the Non-Admitted Attorneys seek to use the Confidential Discovery Material they have seen from the Chancery Litigation in AP's separate lawsuits across the country. It is nonsensical to assert that the AP Parties and the Non-Admitted Attorneys are not using the Confidential Discovery Material for other purposes when they have seemingly reviewed the documents in depth, referenced the very documents in discovery disputes in other matters, and have even attached the documents in public filings.

24.     Courts across the Country have different discovery standards. Instead of properly seeking discovery in those jurisdictions, AP is attempting to short circuit its obligations (in lawsuits it initiated) and is disclosing to the Non-Admitted Attorneys the exact documents they should request and seek in other jurisdictions.

11

103238279

This is a textbook example of using Confidential Discovery Material for a purpose other than the Chancery Litigation. Mr. Zucker gave the game away, twice: 1) he admitted he had seen documents in violation of an Ohio court's protective order, and 2) he actually shared Confidential Discovery Material in a discovery dispute from a case that he is not entered in.

> **B.** **Sanctions are an appropriate remedy to address the AP Parties' violations of the Confidentiality Order and ensure their compliance with the Confidentiality Order in the future.**

25. "For the litigation system to function, parties must follow the rules. If participants suspect that others are not following the rules, then the process deteriorates." *In re Exam Works Grp., Inc. S'holder Appraisal Litig.*, 2018 WL 1008439, at *9 (Del. Ch. Feb. 21,2018). This Court "has broad discretion in formulating a remedy for violations of its orders." *Isr. Disc. Bank of N. Y. v. First State Depository Co.*, 2012 WL 1021180, at *3 (Del. Ch. Mar. 19, 2012).  Indeed, sanctions have been awarded recently in cases, both in this Court and elsewhere, for violations of a confidentiality order.  *Smash Franchise Partners, LLC v. Kanda Holdings, Inc.*, 2021 WL 4264045 (Del. Ch. Sept. 17, 2021) (Order) (awarding attorneys' fees and expenses incurred in bringing motion for contempt and for sanctions for violation of a confidentiality order); *In re Peters*, 642 F.3d 381, 393-94 (2d Cir. 2011) (affirming sanctions for violation of use restriction); *Murphy Marine Servs. of Delaware, Inc. v. GT USA Wilmington, LLC*, No. 2018-0664-

103238279

LWW, 2022 WL 4296495, at *26 (Del. Ch. Sept. 19, 2022) (awarding attorneys' fees as sanctions for violation of a confidentiality order).

26. Sanctions are appropriate in this case. The AP Parties should be required to pay for Mr. Reinhart's attorneys' fees in investigating these unauthorized disclosures of his Confidential Discovery Materials and making this Motion, as well as any penalty the Court deems proper. To coerce the AP Parties to abide by the Confidentiality Order going forward, Mr. Reinhart respectfully requests this Court sanction the AP Parties and modify the Confidentiality Order to provide that for each future violation the AP Parties commit, they will be sanctioned $25,000. This amount reflects the amount it will likely cost Mr. Reinhart to ensure AP's compliance with the Confidentiality Order.  The Court should also enjoin any further use of any documents of information possessed by the Non-Admitted Attorneys that contains any information subject to the Confidentiality Order in this case, and order that such documents be deleted or destroyed.

27. Further, the AP Parties' motivations are clear: the AP Parties are using the Chancery Litigation to compile documents to test and develop theories for its various lawsuits across multiple jurisdictions. Such a position cannot be allowed to continue.  The AP Parties' pleadings and claims in this case should accordingly be struck and dismissed as the AP Parties should not be allowed to use this Court as a forum to obtain confidential discovery to supplement its litigation campaign across

13

103238279

a myriad of jurisdictions. This Court has "broad discretion" to formulate sanctions and given the AP Parties' abuse of this Court, striking of the pleadings is more than appropriate. The AP Parties were on notice of their violations and nonetheless chose to continue to disregard their obligations.

28.    If this Court deems that striking of the AP Parties' pleadings is too severe, the AP Parties should still be sanctioned as identified in Paragraph 26 herein.

## IV.    CONCLUSION

29.    Absent the granting of this Motion, the AP Parties and their counsel will continue to disregard this Court's Confidentiality Order, to which they readily agreed to be bound. This Court should not allow for a party to initiate litigation in this forum and utilize significant judicial resources here, just to avoid the costs and burdens of its discovery responsibilities in other jurisdictions. The AP Parties should be found in contempt and sanctioned for their repeated unremorseful violations of the Confidentiality Order.

14

103238279

Emma R. Schuering (admitted *pro hac vice*)
Todd H. Bartels (admitted *pro hac vice*)
E. Benton Keatley(admitted *pro hac vice*)
Ross T. Weimer (admitted *pro hac vice*)
Isaac T. Caverly (admitted *pro hac vice*)
POLSINELLI PC
900 W. 48th Place, Suite 900
Kansas City, MO 64112
Telephone:  (816) 753-1000
Facsimile:  (816) 753-1536
eschuering@polsinelli.com
tbartels@polsinelli.com
ebkeatley@polsinelli.com
rweimer@polsinelli.com
icaverly@polsinelli.com


Dated: May 1, 2025

Respectfully submitted,

**POLSINELLI PC**

*/s/ Stephen J. Kraftschik*
Stephen J. Kraftschik (DSB No. 5623)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
skraftschik@polsinelli.com

*Counsel for Defendant/Counterclaim Plaintiff and Third-Party Plaintiff Nickolas L. Reinhart*

*Words:  2,996 of 3,000 word limit*

15

103238279

## CERTIFICATE OF SERVICE

I, Stephen J. Kraftschik, hereby certify that on May 1, 2025, copies of the foregoing document and this *Certificate of Service* were served by **File & Serve***Xpress* upon the following counsel of record:

R. Montgomery Donaldson
Stefania A. Rosca
**MONTGOMERY MCCRACKEN WALKER & RHOADS LLP**
1105 North Market Street, 15th Floor
Wilmington, DE  19801
Telephone:  (302) 504-7840
Facsimile:  (302) 504-7820
rdonaldson@mmwr.com
srosca@mmwr.com

*Counsel for Plaintiffs/Counterclaim Defendants Jansan Acquisition, LLC XR10 Capital, LLC and Third-Party Defendants American Plastics, LLC, Creative Plastic Concepts, LLC and Robert Guerra*

Michael C. Heyden, Jr.
Joseph E. Brenner
**GORDON REES SCULLY MANSUKHANI**
824 N. Market Street, Suite 220
Wilmington, DE 19801
302-992-8954
302-724-6444
mheyden@grsm.com
jbrenner@grsm.com

*Counsel for Defendant/Counterclaim Plaintiff and Third-Party Plaintiff Nickolas L. Reinhart*

Elizabeth S. Fenton
**BALLARD SPAHR LLP**
919 N. Market Street, 11th Floor
Wilmington, DE 19081
Tel.: 302.252.4454
fentone@ballardspahr.com

*Counsel for Non-Party Integrated Sales Solutions II, LLC*

Shae Chasanov
**TYBOUT, REDFEARN & PELL**
Rockwood Office Park
501 Carr Road, Suite 300
Wilmington, DE 19809
(302) 658-6901
schasanov@trplaw.com

*Attorney for Non-Party Home Depot U.S.A. Inc.*

1

103238279

2

/s/ Stephen J. Kraftschik
Stephen J. Kraftschik (DSB No. 5623)

Dated: May 1, 2025

2

103238279