**EFiled:  Jun 08 2026 04:21PM EDT**
**Transaction ID 79686815**
**Case No. 2024-0334-LWW**

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

<table>
<tr><td>

XR10 CAPITAL, LLC
      Plaintiff,

and

JANSAN ACQUISITION, LLC
      Plaintiff/Counterclaim Defendant,

          v.

NICKOLAS L. REINHART
      Defendant/Counterclaim Plaintiff.

---

NICKOLAS L. REINHART
      Third-Party Plaintiff,

          v.

AMERICAN PLASTICS, LLC, CREATIVE
PLASTIC CONCEPTS, LLC, ROBERT
GUERRA, P.J. GILBERT,
      Third-Party Defendants.

</td><td>

C.A. No. 2024-0334-LWW


**PUBLIC VERSION FILED
JUNE 8, 2026**

</td></tr>
</table>

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
<u>MOTION TO CONTINUE TRIAL</u>**

Plaintiffs Jansan Acquisition, LLC and XR10 Capital, LLC oppose Defendant

Reinhart's Motion to Continue Trial Setting Pending Resolution of Related Action

("Motion" or "Mot.") as follows:

-1-

## I.     PRELIMINARY STATEMENT

1.      This case was filed on April 1, 2024.  With an October 5 trial date now within striking distance and trial-related projects either completed or in full-swing, Reinhart seeks an open-ended adjournment pending the resolution of a Georgia Action involving *different* parties and *different* claims, filed almost five months *after* this case, and in which *no trial date has been set or is likely to be set anytime soon*. The premise of Reinhart's motion—that aspects of Plaintiffs' claims or damages in this case somehow rise or fall based on the outcome of the Georgia litigation between American Plastics, LLC ("AP") and Home Depot Product Authority, LLC ("THD")—is demonstrably incorrect.

2.      Setting aside that Reinhart was aware of the Georgia Action, the issues involved, and the relative status of its schedule for quite some time yet only now seeks to apply the brakes, the Motion fails to acknowledge much less meet the heavy burden necessary for the "non-*McWane*," indefinite stay Reinhart seeks.   The Motion *does not* "clearly" demonstrate that the "hardship or inequity [to Reinhart would be] so great as to overbalance all possible inconveniences of delay to his opponent[s]," nor that the Georgia court can do "prompt and complete justice" to the parties here.  *See infra* ¶¶13-22.  In fact, the contrary is clearly true.

3.      The October 5 trial date in this case was set in April 2025, following hard-fought litigation culminating in a December 26, 2024 injunction order.  Since,

-2-

the parties have litigated liability and damages with equal vigor, and have completed or substantially completed material trial projects.  If trial is adjourned "pending the complete adjudication of the issues presented in" the Georgia Action (Mot. 11), the prejudice to Plaintiffs, their witnesses, and their counsel would be palpable.

4.      This case should not be permitted to languish on the Court's docket for an indeterminate but likely lengthy period of time, as Reinhart now seeks without credible justification, and the October 5 trial should proceed as scheduled.

## II.    BACKGROUND

5.      **This case was filed April 1, 2024.**  The injunction phase was resolved by the "Agreed Order Granting Plaintiff's Motion for Preliminary Injunction" entered on December 26, 2024.  Dkt. No. 183.  The damages phase is drawing to a close: Fact and expert discovery has been taken, with only clean-up issues remaining.  Witness lists have been exchanged.  *See* Dkt. No. 310.  Plaintiffs furnished their proposed joint exhibit list on May 19, 2026, due to be filed June 5, 2026.  Plaintiffs have substantially completed their deposition designations, have been drafting their pre-trial brief (due June 27), and work on the pre-trial order (initial draft due July 13) is underway.  *See* Dkt No. 287.  A three-day trial is scheduled to commence October 5 this year.  Dkt. No. 309.

6.      The claims here involve Reinhart's breaches of Restrictive Covenants contained in a 2018 "Purchase Agreement" and a 2022 "Buyout Agreement."  Under

24.     Finally, Reinhart's reference to the Court's April 14, 2026 discovery order (Dkt. No. 307) is a non-sequitur.  Mot. ¶17.  The Motion clarifies that Reinhart "does not seek to adjourn any discovery-related deadlines or otherwise seek to re-open discovery." Mot. ¶17 n. 2.  The ordered production, which since has been made and otherwise explained, is an exercise in discovery clean-up, and does not justify an indefinite stay of this case.

**[SIGNATURE PAGE FOLLOWS]**

-14-

**MONTGOMERY McCRACKEN
WALKER & RHOADS LLP**


/s/ *R. Montgomery Donaldson*
R. Montgomery Donaldson (DE Bar #4367)
Stefania A. Rosca (DE Bar #6494)
Jennifer A. Elchisak (DE Bar #6996)
1105 North Market Street, 15th Floor
Wilmington, DE 19801
Tel: (302) 504-7800
rdonaldson@mmwr.com
srosca@mmwr.com
jelchisak@mmwr.com

*Attorneys for Plaintiffs and Counterclaim
Defendants Jansan Acquisition, LLC and
XR10 Capital LLC and for Third-Party
Defendants Robert Guerra, Creative Plastic
Concepts, LLC and American Plastics, LLC*

**WORD COUNT: 2997 of 3,000**


OF COUNSEL:

Timothy J. Pastore, Esquire (admitted *pro hac vice*)
MONTGOMERY McCRACKEN
 WALKER & RHOADS LLP
437 Madison Avenue, 24th Floor
New York, NY 10022
(212) 551-7707
tpastore@mmwr.com

Dated: May 29, 2026
PUBLIC VERSION FILED ON JUNE 8, 2026

-15-