Exhibit

M

exhibitsticker.com

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

XR10 CAPITAL, LLC
      Plaintiff/Counterclaim Defendant,

and

JANSAN ACQUISITION, LLC
      Plaintiff/Counterclaim Defendant,

      v.

NICKOLAS L. REINHART
      Defendant/Counterclaim Plaintiff.

_____

NICKOLAS L. REINHART
      Third-Party Plaintiff,

      v.

AMERICAN PLASTICS, LLC, CREATIVE
PLASTIC CONCEPTS, LLC, ROBERT
GUERRA, P.J. GILBERT,
      Third-Party Defendants.

C.A. No. 2024-0334-LWW

## AFFIDAVIT OF GREGG D. ZUCKER
## IN OPPOSITION TO DEFENDANT REINHART'S
## MOTION FOR CONTEMPT AND SANCTIONS

State of California    )
                  ) ss:
County of Los Angeles   )

**GREGG D. ZUCKER, ESQ.**, being duly sworn, deposes and says:

1. I am a Partner with the law firm of Foundation Law Group LLP and outside counsel for Plaintiff Jansan Acquisition, LLC ("Jansan") and Third-Party Defendant American Plastics, LLC ("AP"; together with Jansan, the "AP Parties").

2.     Along with Morgan Harrison, Esq., I have acted as counsel of record for AP in *American Plastics, LLC v. Home Depot Product Authority, LLC*, No. 24-CV-010738 (Ga. Super. Ct. Fulton Cty.) (the "Georgia Litigation") and as counsel for the AP Parties in the above-captioned action (the "Delaware Litigation").

3.     I submit this affidavit in opposition to Defendant/Third-Party Plaintiff Nickolas L. Reinhart ("Reinhart")'s Motion for Contempt and Sanctions (Dkt. No. 217, the "Motion").

**I Am Counsel To The AP Parties In This Litigation So I Have Access To The Documents Produced By Defendant Reinhart Here**

4.     I serve as outside counsel for the AP Parties providing advice akin to what many in-house general counsels provide their respective companies.  In this capacity, I have consulted regularly with Tim Pastore and his team at Montgomery McCracken Walker & Rhoads, LLP ("MMWR") about the Delaware Litigation since before its inception.  Should the Court require further details, I am prepared to provide additional information *in camera* concerning my specific involvement in the Delaware Litigation, particularly with respect to witnesses, factual matters on the challenged transactions, and a settlement strategy involving the multiple, related cases.

5.     Ms. Harrison is an attorney retained by the AP Parties who has worked directly with MMWR, at my behest, to domesticate a subpoena in this matter served

-2-

upon a third-party located in Georgia. At my behest, Ms. Harrison also has been consulted on several issues in the Delaware Litigation.

## I Did Not Use Any Documents From The Delaware Litigation In Any Other Action

6. As counsel for the AP Parties, I understood from the express terms of the Protective Order that I have a right of access to documents produced in the Delaware Litigation. I explained this basic fact to counsel for Defendants, Ms. Emma Schuering, to no avail. As I also explained to her, I did not use these documents in the Georgia Litigation.

7. Rather, Mr. Reinhart was subpoenaed in the Georgia Litigation to produce documents. He did not fully comply with that subpoena. I informed Mr. Reinhart's counsel that we needed the documents that were produced in the Delaware Litigation re-produced *for* the Georgia Litigation, precisely to avoid "using" them in violation of the Confidentiality Order. I urged Reinhart's compliance with the subpoena in the Georgia Litigation so as to abide by the Confidentiality Order.

8. None of the documents produced by Reinhart in the Delaware Litigation have been used as exhibits or otherwise in connection with a pleading, motion or other proceeding in the Georgia Litigation.

## Mr. Loudermilk Never Received Documents From The Delaware Litigation.

9. Mr. Loudermilk serves as local counsel in Florida for the Georgia Litigation, assisting in the initiation of litigation in Florida (where Reinhart resides) to compel the production of documents that Mr. Reinhart is refusing to produce in the Georgia Litigation.

10. Mr. Loudermilk never received Confidential or Highly Confidential Discovery Material from the Delaware Litigation, so he could not have reviewed any such documentation. Nor have I allowed, instructed or been notified of the sharing of the contents of any such material with him.

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

Gregg D. Zucker

Sworn before me this 26 day of May, 2025

Notary Public

A. ACEITUNO
Notary Public · California
Los Angeles County
Commission # 2437237
My Comm. Expires Mar 4, 2027